### Katie May Brooks v. The State.

No. 4262.   Decided January 29, 1908.

**Carrying Pistol—Innocent Intention.**

Where upon trial for unlawfully carrying a pistol, the evidence showed that the defendant borrowed the pistol and carried it home, the conviction could not be sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, $200.

The opinion states the case.

*Parker & Parker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of carrying a pistol on and about her person. The evidence, in substance without repeating it verbatim, shows that appellant had been assaulted by her husband a time or two, for one of which assaults she had him arrested; that fearing another assault from her husband she went to a neighbor's a few blocks away from her residence and borrowed a pistol, carried it, in her hand under her apron and on the street, home. That in passing a business house she showed the pistol to the witness Hamilton, remarking, practically, that she intended to defend herself. An officer observed and followed her, and just as she got in front of her home arrested her and took the pistol. She stated to the officer at the time that she had borrowed it for the purpose stated. In substance, this is the case. We are of opinion this evidence is not sufficient to show a violation of the law. Under all of our decisions, a party would be justified in buying a pistol and carrying it home, and certainly the right would be none the less to borrow the same weapon and carry it home. We, therefore, conclude that this conviction should be set aside, as it is not supported by the facts.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*